

Bertram W. Coltman and M. Hudson Rathburn, both of Chicago, Ill., and Edwin R. Hutchinson, of Washington, D. C., for plaintiff.

W. W. Cochran, of Washington, D. C., for defendant.

HOLTZOFF, Justice.

This is an action by Paul A. Sturtevant under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, against the Commissioner of Patents to compel him to grant a reissue patent on an application filed by the plaintiff on March 16, 1943, Serial No. 479,300, for the reissue of Letters Patent No. 2,283,707, granted on May 19, 1942.

The alleged invention is a manually operated torque wrench used for the purpose of tightening bolts and similar devices. The plaintiff had previously received a patent on the same device. The application for the reissue here involved contains the same specification as the original patent but seeks broader claims than are found in the latter. It is asserted that plaintiff's wrench has been favorably received on the market. A rival concern appears to have entered on the manufacture and sale of the same instrument in competition with the plaintiff's assignee. Then it was that the plaintiff appears to have discovered that the claims of the original patent did not adequately protect his invention, and the present application for reissue followed.

The Patent Office having rejected this application, the present action was instituted. At the trial the plaintiff limited the case to claims 3 to 8, inclusive.

The principal ground of rejection was that the claims did not read on the disclosure. The device disclosed in the specification consists of a handle, a spring bar, and a work-engaging member, all forming

732

a single continuous structure, to which is attached a pointer and a scale for the purpose of measuring force applied to the work. The claims refer to the work-engaging member as being pivotally supported. The Commissioner of Patents takes the position that no pivotally supported member is disclosed in the specification. This is the crux of the case.

The plaintiff counters that the claim is met by the fact that in actual operation the spring bar is flexed against the work-engaging member, and that, therefore, the spring bar pivots on the work-engaging member.

■ The Commissioner of Patents, in effect, argues that this is a distortion of the manifest meaning of the phrase "pivotally supported" as used in the claims. This phrase certainly seems to the Court to convey the concept of a pivotal connection between two members of the patented device. The meaning sought to be ascribed to this phrase by the plaintiff seems somewhat far-fetched. Under any circumstances this Court must not be unmindful of the principle that the action of the Patent Office, like that of any other administrative agency, is presumed to be correct, and that the burden is on the party asserting the contrary to overcome this presumption. This has not been done by the plaintiff in this case.

The plaintiff, however, calls attention to the fact that his claims in the reissue application were copied by him from a patent to one Zimmerman, No. 2,283,888, issued on May 19, 1942, and covering substantially the same invention. The Zimmerman patent, however, discloses a pivotal connection between two members of the patented structure, while the Sturtevant application does not. In one case the claims read on the disclosure. In the other they do not.

■ The plaintiff's purpose in copying Zimmerman's claims appears to have been to secure a declaration of interference between the Zimmerman patent and the plaintiff's application. Apparently the Zimmerman patent is owned by the competing concern. It may well be that unless the claims in suit are granted to the plaintiff, he may be deprived of the opportunity, which he evidently seeks, of asserting a prior right to a patent on the wrenches manufactured by him and by his competitor. This result would undoubtedly be unfortunate from the plaintiff's standpoint, but this possibility does not constitute a valid ground for granting him claims on something which he does not show in his specification.

The Supreme Court many years ago observed that:

"The courts should regard with jealousy and disfavor any attempts to enlarge the scope of an application once filed, or of a patent once granted, the effect of which would be to enable the patentee to appropriate other inventions made prior to such alteration, or to appropriate that which has in the mean time, gone into public use." N. W. Chicago & Railway Co. v. Sayles, 97 U.S. 554, 563, 24 L.Ed. 1053.

■ It is not intended to suggest that the plaintiff is endeavoring in this action to appropriate any invention made by anyone else than himself. This admonition is referred to, however, for the purpose of indicating the reason for strictly adhering to the principle that the scope of an application once filed or of a patent once granted should not be enlarged, lest unintentionally perhaps someone's else invention or some device in public use may be brought within the scope of the patent.

■ The plaintiff calls attention to the fact that on September 25, 1945, he was granted Letters Patent No. 2,385,591 covering an improvement on the torque wrench and that in this application he was permitted to attach to the phrase "pivotally supported" the meaning which he seeks to attach to this phrase in this action. He argues that this action of the Patent Office made it incumbent on that Office to permit him successfully to contend that the claim reads on the disclosure in this instance. No evidence has been introduced to show why the Patent Office changed its position. This, however, is a matter of no concern to the Court. It is a well established principle of law that the Government may not be estopped by the acts of its agents or employees. Even if an estoppel could run against the Government, the elements of an equitable estoppel are not present in this case. Therefore, the Court does not deem that the Patent Office in its ruling on the reissue application was precluded from changing its position as to the proper meaning of the phrase "pivotally supported."

In the light of the conclusion reached by the Court it does not seem necessary to pass upon the contention as to whether in

this case there was present any accident, inadvertence, or mistake, within the meaning of Section 4916 of the Revised Statutes, 35 U.S.C.A. § 64, relating to reissue applications.

Judgment for the defendant. Counsel will submit draft of proposed findings of fact and conclusions of law.